1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    TIM MCVAY,

12            Plaintiff,                          No. 2:25-cv-00168-TLN-CSK

13

14        v.                                      **ORDER**

15    TARGET; TARGET CORPORATION;
      and DOES 1 to 100, inclusive,
16
              Defendants.
17

18          This matter is before the Court on Plaintiff Tim McVay's ("Plaintiff") Motion to Remand.

19    (ECF No. 10.)  Defendant Target Corporation ("Defendant") filed an opposition.  (ECF No. 14.)

20    Plaintiff did not file a reply.  Also before the Court is Plaintiff's Application for Leave to File an

21    Amended Complaint.  (ECF No. 11.)  Defendant filed an opposition.  (ECF No. 15.)  Plaintiff did

22    not file a reply.  For the reasons set forth below, Plaintiff's Motion to Remand and Application

23    for Leave to File an Amended Complaint are DENIED.

24    ///

25    ///

26    ///

27

28
                                                1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This is a premises liability case in which Plaintiff alleges he sustained injuries from a slip and fall incident ("the Subject Incident") at Defendant's store located in Elk Grove, California on January 19, 2022.  (ECF No. 1 at 7.)  On January 18, 2024, Plaintiff filed a complaint in Sacramento Superior Court alleging: (1) general negligence and (2) premises liability.  (*Id.* at 6.)  Plaintiff alleges he suffered: (1) loss of wages; (2) hospital and medical expenses; (3) general damages; (4) loss of earning capacity; and (5) other damages according to proof.  (*Id.*)  On January 13, 2025, Defendant removed the action to this Court based on diversity jurisdiction.  (ECF No. 1.)  On February 12, 2025, Plaintiff filed the instant Motion to Remand and Application for Leave to File an Amended Complaint.  (ECF Nos. 10, 11.)

## II.    STANDARD OF LAW

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending.  28 U.S.C. § 1441(a).  The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000.  28 U.S.C. § 1332(a)(1).  The party asserting federal jurisdiction bears the burden of proving diversity.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).  Diversity is determined as of the time the complaint is filed and removal effected.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).  Removal statutes are to be strictly construed against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (overruled on other grounds in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–89 (2014)).

The amount in controversy is determined by reference to the complaint itself and includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Where the complaint does not pray for damages in a specific amount, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

1    398, 404 (9th Cir. 1996)).  If the amount is not facially apparent from the complaint, the Court

2    may "require parties to submit summary-judgment-type evidence relevant to the amount in

3    controversy at the time of removal."  *Id*. (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326,

4    1335–36 (5th Cir. 1995)).

5        Removal based on diversity requires that the citizenship of each plaintiff be diverse from

6    the citizenship of each defendant (i.e., complete diversity).  *Caterpillar Inc. v. Lewis*, 519 U.S. 61,

7    68 (1996).  A corporation is a citizen of any state in which it is incorporated and any state in

8    which it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  An individual

9    defendant's citizenship is determined by the state in which they are domiciled.  *Weight v. Active*

10   *Network, Inc.*, 29 F. Supp. 3d 1289, 1292 (S.D. Cal. 2014).  The citizenship of defendants sued

11   under fictitious names shall be disregarded when determining removal based on federal diversity

12   jurisdiction.  28 U.S.C. § 1441(b)(1).

13       **III.    ANALYSIS**

14       Plaintiff argues this action should be remanded because complete diversity does not exist

15   as Defendant's employees "potentially responsible" for causing the Subject Incident — Doe

16   Defendants — are California residents.  (ECF No. 10 at 5.)  Plaintiff further argues Defendant

17   failed to provide any admissible evidence in support of its contention that the amount in

18   controversy exceeds $75,000.  (*Id.*)  The Court considers each argument in turn.

                            *A.    Diversity of Citizenship*

20       Plaintiff contends he is a citizen of California as are Doe Defendants.  (*Id.* at 7.)  Plaintiff

21   argues courts should consider Doe Defendants' citizenship especially "when a named defendant

22   knew or should have known the fictitious defendant's identity because that defendant employed

23   the fictitiously named defendant."  (*Id.* at 8 (citing *Sandoval v. Republic Servs., Inc.*, No. 2:18–

24   CV–01224–ODW(KSX), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018)).)

25       In opposition, Defendant argues, for the purposes of removal jurisdiction, "the citizenship

26   of defendants sued under fictitious names shall be disregarded."  (ECF No. 14 at 4 (citing 28

27   U.S.C. § 1441 (b)).)  Further, Defendant argues even when courts have considered the citizenship

28   of a Doe defendant on a motion to remand, the Doe defendant was specifically identified.  (*Id.* at

5.)  Defendant contends Plaintiff has not taken any action to even attempt to identify the alleged

Doe Defendants, let alone provide any physical description or other information to identify the

Doe Defendants.  (*Id.* at 6.)

"In determining whether a civil action is removable on the basis of the jurisdiction under

section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be

disregarded."  28 U.S.C § 1441(b)(1).  The Court, however, recognizes some district courts have

considered the citizenship of fictitious defendants in instances where a complaint identifies a Doe

defendant with sufficient detail to give a definitive clue as to their identity.  *See Collins v.*

*Garfield Beach CVS, LLC*, Case No. CV 17–3375 FMO (GJSx), 2017 WL 2734708, at *2 (C.D.

Cal. 2017) (quoting *Brown v. TranSouth Fin. Corp.*, 897 F. Supp. 1398, 1401 (M.D. Ala. 1995)).

Here, even if the Court were persuaded to follow the approach that considers the

citizenship of fictitious defendants where Plaintiff has plausibly alleged facts to identity them,

Plaintiff's allegations regarding the identity of the Doe Defendants are insufficient.  *See*

*Mazariego v. Walmart*, No. 1:24-CV-00612-KES-SAB, 2024 WL 3594596, at *3 (E.D. Cal. July

30, 2024) (denying Plaintiff's motion to remand because Plaintiff's allegations failed to give any

definite clue about the alleged Doe employees' identities, how they were involved in the

underlying slip and fall, or any inclination that they were California citizens).  Plaintiff does not

allege facts to identity a particular Target employee who was involved in the Subject Incident.

Instead, Plaintiff merely alleges the Doe Defendants are "Target employees potentially

responsible for causing the Subject Incident."  (ECF No. 10 at 5.)  This is not sufficient detail to

give a definitive clue as to the identities of the Doe Defendants.  Therefore, the Court disregards

the citizenship of Doe Defendants for jurisdictional purposes.

Accordingly, diversity of citizenship exists because Plaintiff is a citizen of California and

Defendant is a citizen of Minnesota.  (ECF No. 10 at 7; ECF No. 14 at 3.)

B.    *Amount in Controversy*

Plaintiff also contends this action should be remanded because Defendant failed to prove

by a preponderance of evidence that the amount in controversy exceeds $75,000.  (ECF No. 6 at

11.)  In opposition, Defendant contends Plaintiff's own allegations confirm the amount in

1    controversy exceeds the jurisdictional minimum of $75,000.  (ECF No. 14 at 8.)  Specifically,

2    Plaintiff's Statement of Damages filed with the Complaint in state court alleged $5,000,000 in

3    damages, thus far exceeding the jurisdictional minimum.  (*Id.*)

4           In assessing the amount in controversy, courts may consider allegations in the complaint

5    and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount

6    in controversy.  *Kroske*, 432 F.3d at 980.  Evidence establishing the amount is required by 28

7    U.S.C § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's

8    allegations in its notice of removal.  *See Owens*, 574 U.S. at 89.

9           Here, Plaintiff's Statement of Damages states Plaintiff suffered $5,000,000 in damages as

10   a result of the Subject Incident.  (ECF No. 14-1 at 15.)  Therefore, based on Plaintiff's allegations

11   in his Complaint, the Court finds the amount in controversy far exceeds $75,000.

12          In sum, the Court finds diversity of citizenship between the parties exists and the amount

13   in controversy exceeds $75,000.  Accordingly, Plaintiff's Motion to Remand is DENIED.

14                          *C.      Plaintiff's Application for Leave*

15          Plaintiff requests leave to file a First Amended Complaint "at a later time" to substitute

16   the full and correct names of Doe Defendants.  (ECF No. 11 at 3.)  While Plaintiff cites to Federal

17   Rule of Civil Procedure ("Rule") 15, the Application for Leave is devoid of any discussion of

18   Rule 15 or why it would be appropriate to grant Plaintiff's prospective request at this juncture.

19   (*See generally id.*)  At this time, Plaintiff has not identified an individual person which it seeks to

20   add to the Complaint.  Without more, the Court DENIES Plaintiff's Application for Leave.

21          **IV.    CONCLUSION**

22          For the foregoing reasons, the Court DENIES Plaintiffs' Motion to Remand (ECF No. 10)

23   and Application for Leave to File an Amended Complaint (ECF No. 11).

24          IT IS SO ORDERED.

25   Date: September 25, 2025

26

27          _____

28          TROY L. NUNLEY
             CHIEF UNITED STATES DISTRICT JUDGE